**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MICHAEL OWEN SINN,

Plaintiff,

v.

J. ALEXANDER'S RESTAURANTS OF KANSAS, LLC, et al.,

Defendants.

Case No. 26-2455-AWM-BGS

**MEMORANDUM AND ORDER GRANTING MOTION TO SUBSTITUTE PARTY**

This matter is before the Court on the unopposed motion to substitute Michael Dane Sinn, as Administrator of the Estate of Michael Owen Sinn, Deceased, for Plaintiff Michael Owen Sinn (Doc. 9). For the reasons explained below, the motion is granted.

Plaintiff filed this action on August 4, 2026, asserting claims arising from his employment at a J. Alexander's restaurant in Overland Park, Kansas. He alleges sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and asserts claims under Kansas law for retaliatory discharge, wrongful termination, and defamation. Doc. 1 at ¶¶ 1–6. Plaintiff died on September 2, 2026. Defendants filed a suggestion of death on September 11, 2026. Doc. 8. On October 19, 2026, the Johnson County District Court appointed Plaintiff's father, Michael Dane Sinn, administrator of his estate. Doc. 9 at ¶ 4; Doc. 9-1 at 1–2. The administrator filed this motion the following day.

Rule 25(a)(1) permits substitution of a proper party when a party dies and the claim is not extinguished. A party or the decedent's successor or representative may move for substitution. Fed. R. Civ. P. 25(a)(1). The motion must be made within 90 days after service of a statement noting the death. *Id.*

The Court therefore considers whether the motion is timely, whether the administrator is the proper party for substitution, and whether at least one of Plaintiff's claims survives his death. All claims need not survive for substitution to proceed as to the surviving claims. *See Baker for Baker v. Chin*, No. 23-2103-DDC-TJJ, 2023 WL 5152475, at *3 (D. Kan. Aug. 10, 2023) (finding that some pleaded claims survived and that substitution for those claims was proper).

First, the motion is timely. It was filed only 39 days after Defendants filed the suggestion of death. The letters of administration establish that Michael Dane Sinn has been appointed and qualified as administrator of Plaintiff's estate. Doc. 9-1 at 2. He is therefore the proper party to prosecute the surviving claims. *See Baker*, 2023 WL 5152475, at *3 (explaining that, under Kansas law, survival claims must be maintained by the administrator of the decedent's estate rather than the decedent's heirs). The motion was served electronically on all counsel of record. *See* Doc. 9 at 3. Because the administrator himself filed the motion, no further service on him is required. *See Baker*, 2023 WL 5152475, at *2; Fed. R. Civ. P. 25(a)(3).

Second, Plaintiff's Title VII claims survive his death. In determining whether a Title VII claim survives, federal common law incorporates the applicable state survival law unless it is inconsistent with federal law. *Slade v. U.S. Postal Serv.*, 952 F.2d 357, 360 (10th Cir. 1991). Kansas law preserves claims for injury to the person, K.S.A. 60-1801, and this District has applied that statute to hold that Title VII claims survive a plaintiff's death. *Anspach v. Tomkins Indus., Inc.*, 817 F. Supp. 1499, 1510 (D. Kan. 1993). Those surviving claims provide a basis for substitution.

Count V, which alleges defamation, presents a separate question because Kansas law excepts libel and slander from its general provision against abatement of pending actions. K.S.A. 60-1802. The Court does not resolve the survival or disposition of Count V on this motion. *Cf. In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-1840-KHV, 2010 WL 4568982, at *2 n.5 (D. Kan. Nov.

3, 2010) (noting that defendants could challenge whether a particular claim survived through a dispositive motion). Nor does this Order determine the availability of any particular remedy.

**IT IS THEREFORE ORDERED** that the unopposed motion for substitution (Doc. 9) is **GRANTED**. Michael Dane Sinn, as Administrator of the Estate of Michael Owen Sinn, Deceased, is substituted for Michael Owen Sinn as Plaintiff to prosecute the decedent's surviving claims. The Clerk is directed to update the docket to reflect this substitution. The caption of all future filings shall reflect the substitution.

**IT IS SO ORDERED.**

Dated October 20, 2026, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge